## James Davenport *versus* Lambert Lamson.

By the partition of a farm the right of passing and repassing across eight acre lot, a part belonging to the plaintiff, became appurtenant to three acre lot, a part belonging to the defendant, and the defendant owned also nine acre lot, which was beyond three acre lot, but adjacent to it and not separated from it by any fence It was *held*, that the defendant had no right to use the way as a way from nine acre *lot*, although in so doing he passed last from three acre lot on to the plaintiff's close. The defendant having loaded his cart with produce taken in part from each of his lots, passed with it from three acre lot over the plaintiff's close. *Held*, that trespass quare clausum would lie for such abuse of the defendant's right.

TRESPASS for breaking and entering the plaintiff's closes, called the eight acre lot and the Brown lot, in Boylston. The defendant justified under a right of way across the lots to a three acre lot. It appeared that the three lots were formerly parts of one farm belonging to Matthew Davenport. After his death, the farm was divided by commissioners and these three lots were set off to different heirs. By the report of the commissioners, " each of the petitioners was to have the privilege of passing and repassing across each others' shares as usual before the division." The usual route to pass to and from the three acre lot was over the Brown lot and the eight acre lot, where the defendant passed. The defendant was the tenant of the three acre lot. He also owned a lot of nine acres adjoining it, purchased by him subsequently to the partition, which had never been a part of the Davenport farm. At the time of the supposed trespass these two lots were not separated by any fence. The defendant having mowed the grass upon the two lots, and having raked the hay into winrows running across them both, proceeded to load the hay upon a cart, following the course of the winrows and thus making up the load partly from each lot ; and two loads thus made up were carried by his team along the usual route from the three acre lot over the Brown lot and the eight acre lot, which were then in the plaintiff's possession. For thus passing with the two loads of hay the present action was brought ; and if the Court should be of opinion that the action could be sustained, judgment was to be rendered against the defendant for nominal damages ; otherwise the plaintiff was to become nonsuit.

*Washburn*, for the defendant, argued that in regard to the produce of the three acre lot the defendant's act was not a breaking and entering of the plaintiff's close, that the alleged excess or abuse of the defendant's right was not separable from this lawful exercise of his right, and that therefore an action of trespass would not lie. *Six Carpenters' Case*, 8 Coke, 146 ; *Taylor* v. *Cole*, 3 T. R. 292 ; 1 Wms's Saund. 346 *b* ; *Senhouse* v. *Christian*, 1 T. R. 560 ; *Comstock* v. *Van Deusen*, 5 Pick. 166 ; Com. Dig. *Chimin*, *D* 5.

*C. Allen* and *Davenport*, for the plaintiff, cited Woolrych on Ways, 34 ; Bac. Abr. *Highway*, *C* ; *Comstock* v. *Van Deusen*, 5 Pick. 166.

SHAW C. J. delivered the opinion of the Court. The purpose of this action seems to be, rather to try an abstract right, than to recover any damage actually sustained It seems to be an action of very little importance, inasmuch as the principle involved can hardly be regarded as affecting any other case, than one precisely like it in circumstances.

It is an action of trespass *quare clausum*. The defendant, admitting the plaintiff's title to the close, justifies the entry on the ground of his having a right of way over the close, and that the entry complained of was in the exercise of that right oy driving a load of hay across it, which was the act complained of as a trespass.

The facts as stated in the report are somewhat complicated ; but they may be simplified and stated briefly, and yet sufficiently for the purposes of the present question. By the division of a farm amongst part-owners, the defendant became entitled to a right of way, as appurtenant to a three acre lot, in and over the *locus in quo*, which before the partition was part of the same tenement. The defendant became possessed of another lot of nine acres, adjoining to and beyond the three acre lot, by another title, which nine acre lot was never a part of the same farm with the *locus in quo* belonging to the plaintiff. It further appears, that between the nine acre lot and the three acre lot, belonging to the defendant, there were no fences, nnd, being mowing land, the grass was cut and the hay made on both, without regard to the dividing line, the hay laid in winrows extending across both, and a load of hay taken partly from

one and partly fro⸱ the other was driven across the p aintiff's close, passing last from the three acre lot. And the question is, whether the defendant was justified in so using the plaintiff's land ; and the Court are of opinion that he was not. He had a special right of way, for going to and from the three acre close ; and it would not be consistent with the terms ⸱ ˜ this grant, to use the right of way to other closes beyond the three acre close. The rule seems to be well settled by the authorities, that if a man have a right of way over another's land, to a particular close, he cannot enlarge it and extend it to other closes. Com. Dig. *Chimin, D* 5 ; *Senhouse* v. *Christian,* 1 T. R. 569 ; *Howell* v. *King,* 1 Mod. 190 ; Woolrych on Ways, 34. I do not consider this case as deciding, that where there is a right of way to a close for all purposes, and for all carriages, the owner of the close is bound to limit the use of it, and of his right of way, to the same purposes, to which it was used before the grant, where there is no restriction in the terms of the grant. For instance, if the close, to which the private right of way is made appurtenant, has befo e the grant been used for agricultural purposes, and the apparent object of the way is to enable the owner to get off the produce, or to pass to and from it with teams, cattle and carriages for the purposes of cultivation and pasturage, I do not consider this case as determining that he would not have a right, there being no restriction in the grant, to build a house, barn and out-houses on the close, and to use the way for all purposes properly incident to the use and enjoyment of such house and buildings. The case goes to this extent only, that the defendant, having a right of way, as appurtenant to the three acre lot, could not use it as a right of way to and from the nine acre lot, which lay beyond the three acre lot, and that throwing the whole into one close, by the removal of the fences, and using it as one entire close, and taking the hay from one and the other part indiscriminately, was in effect using it as a way to and from the nine acre lot, although the cart passed last from the three acre lot, on to the plaintiff's close, and that such use of the plaintiff's land was beyond the limit of the right reserved and not justified.

A question was made, whether under the circumstances, as

the defendant had a right to enter the defendant's close, to carry off the hay which grew upon the three acre lot, trespass *quare clausum* would lie. The Court are of opinion that it will. The defendant could only lawfully enter the plaintiff's close in the just exercise of his limited right. If he used it for another purpose, not justifiable, the entry itself was unlawful, and it is not a case for an apportionment. As the justification fails, the entry was unlawful and constituted a trespass

*Judgment for the plaintiff for nominal damage.*